# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| AUNHK RA AUNHKHOTEP, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:23-CV-540-RWS |
| OFFICER KIPPERSTEIN, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of a civil complaint and motion for leave to proceed *in forma pauperis* filed by Plaintiff Aunhk Ra Aunhkhotep.  Upon consideration of the motion and the financial information provided therein, the Court concludes that Plaintiff is unable to pay the filing fee. The Court will therefore grant the motion.  Additionally, the Court will partially dismiss the complaint and direct the Clerk to effect service of process upon the non-frivolous portions thereof, and will deny the remaining pending motions.

### Legal Standard

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff avers he brings this action pursuant to 42 U.S.C. § 1983 and 18 U.S.C. §§ 241 and 242 against Police Officers Kipperstein and Logan, and K-9 Unit Officer Wilson. Plaintiff also names a fictitious defendant identified as John Doe. Plaintiff avers Doe "is believed to be a Supervisor Officer." (ECF No. 1 at 3). Plaintiff identifies all defendants as employees of the St.

Louis Metropolitan Police Department, and he sues them in their individual capacities. He alleges as follows.

At approximately 10:00 a.m. on April 6, 2023 in the City of St. Louis, "Plaintiff and friends were congregating and conversing outside of Plaintiff's blue Chevy Astro Van . . . located at the corner of Coleman and North Market streets." *Id.* at 4. Plaintiff left the group to go to his van to make a phone call. As he sat inside his van, Kipperstein and Logan approached and ordered Plaintiff to exit the van. Plaintiff asked why, and Kipperstein and Logan grabbed his arm, guided him out of the van, and handcuffed him.

Over Plaintiff's protests, Kipperstein and Logan began searching his person, including putting their hands inside his jacket and pants pockets. Logan then left and approached Plaintiff's friends, but Kipperstein continued searching Plaintiff. He removed Plaintiff's money and driver's license from his front pants pocket, and relayed his name to Logan to conduct a warrant check. At this point, Plaintiff had been in handcuffs for approximately 25 minutes.

Kipperstein and Logan called Doe to the scene. Doe arrived in a black, unmarked police car, and "parked at the corner of North Market and Coleman, facing west on North Market in a strategic position to observe the scene." *Id.* at 5. Kipperstein and Logan then called Wilson, a K-9 Unit Officer, to the scene. At this point, Plaintiff had been handcuffed for approximately 45 minutes. Over Plaintiff's protests, Wilson deployed a drug-sniffing dog to sniff the interior and exterior of Plaintiff's van. Wilson then told Kipperstein and Logan that the search was negative for guns, drugs, or other contraband. Kipperstein removed the handcuffs from Plaintiff's wrists, and he and the other defendants left the scene.

In Counts I and II, Plaintiff claims Kipperstein and Logan subjected him to illegal detention, search, and seizure, in violation of his Fourth Amendment rights. In Count III, Plaintiff

3

claims Wilson subjected him to an illegal search, in violation of his Fourth Amendment rights. In Count IV, Plaintiff claims all four defendants violated his "statutory rights – Title 18 U.S.C. 241 & 242," and conspired with one another to violate his Fourth Amendment rights. *Id.* at 10. He seeks monetary relief.

## Discussion

The Fourth Amendment guarantees the right to be free from "unreasonable searches and seizures." U.S. CONST. AMEND. IV. Warrantless searches are per se unreasonable, "subject only to a few specifically established and well-delineated exceptions." *United States v. Goodwin-Bey*, 584 F.3d 1117, 1119 (8th Cir. 2009). Additionally, "[a] person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer, 'by means of physical force or show of authority,' terminates or restrains his freedom of movement . . . 'through means intentionally applied.'" *Brendlin v. California*, 551 U.S. 249, 254 (2007) (citations omitted). In this case, having liberally construed the complaint and presumed the veracity of the factual allegations, the Court determines that for purposes of initial review, Plaintiff has adequately stated viable Fourth Amendment claims against Kipperstein, Logan, and Wilson in Counts I through III.

In Count IV, Plaintiff claims all four defendants violated his "Statutory Rights" under 18 U.S.C. §§ 241-242. (ECF No. 1 at 10). However, 18 U.S.C. §§ 241 and 242 are criminal statutes that provide no basis for a private right of action. *See U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241, even though the statute allows federal authorities to pursue criminal charges"); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 . . . These statutes do not give rise to a civil action for

4

damages."). Therefore, to the extent Plaintiff asserts claims under 18 U.S.C. §§ 241-242, such claims are dismissed.

In Count IV, Plaintiff can also be understood to assert a § 1983 conspiracy claim against all four defendants.  "To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show: that the defendant conspired with others to deprive him of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff." *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999).  The plaintiff also must demonstrate the deprivation of a constitutional right or privilege. *Riddle v. Riepe*, 866 F.3d 943, 948 (8th Cir. 2017).  In this case, having liberally construed the complaint and presumed the veracity of Plaintiff's factual allegations, the Court concludes that, for purposes of initial review, Plaintiff has adequately stated a § 1983 conspiracy claim against the defendants in Count IV.

The Court will order the Clerk of Court to effect service of process upon Kipperstein, Logan, and Wilson.  Service of process cannot be effected upon the fictitious defendant.  However, the discovery process will begin after this Court's issuance of a Case Management Order, and Plaintiff will have the opportunity to obtain information permitting him to identify the fictitious defendant.  Plaintiff will then have the opportunity to file a motion for substitution of party to properly identify the defendant's name and address for service.

After filing the complaint and motion for leave to proceed *in forma pauperis*, Plaintiff filed a motion titled "Motion for Order Directing Pleading(s) Served on One Defendant."  (ECF No. 4). Plaintiff avers he proceeds pursuant to Rule 5(c)(1)(A) of the Federal Rules of Civil Procedure. He asks the Court to enter an order directing that he may serve subsequent pleadings only on Kipperstein, and that service on Kipperstein "is sufficient service on all the defendants in the cause

of action." *Id.* at 2.  Rule 5(c)(1)(A) provides, in relevant part, that "[i]f an action involves an unusually large number of defendants," a court may, either on motion or *sua sponte*, order that "defendants' pleadings and replies to them need not be served on other defendants." Fed. R. Civ. P. 5(c)(1)(A).  This Rule does not apply to a plaintiff's pleadings.  The motion is denied.

Plaintiff also filed a motion titled "Motion for Limited Discovery," asking the Court to direct the St. Louis Metropolitan Police Department to provide him certain information.  (ECF No. 6).  This motion is premature, and is denied.  Finally, Plaintiff filed a motion titled "Motion for Court Adjudication on Plaintiff's Application to Proceed in Forma Pauperis."  (ECF No. 11).  In the motion, Plaintiff "urges" the Court to "expeditiously adjudicate" his motion for leave to proceed in forma pauperis.  *Id.* at 2.  The motion is denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought pursuant to 18 U.S.C. § 241 and 18 U.S.C. § 242 are **DISMISSED without prejudice.**  A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the remainder of the complaint as to St. Louis Metropolitan Police Officers Kipperstein, Logan, and Wilson in their individual capacities, pursuant to the waiver of service agreement this Court maintains with the St. Louis City Counselor's Office.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Order Directing Pleading(s) Served on One Defendant" (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Limited Discovery" (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Court Adjudication on Plaintiff's Application to Proceed in Forma Pauperis" (ECF No. 11) is **DENIED** as moot.

Dated this 14th day of July, 2023.

_____
RODNEY W. SIPPEL
SENIOR UNITED STATES DISTRICT JUDGE